[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
CT Page 7063
The present action involves a claim for damages for personal injuries sustained by the minor plaintiff on August 25, 1990 while using a swing set. Suit was instituted against the homeowner in June of 1992 and, subsequently, against Sears Roebuck Co. who sold the swing set to the homeowner.
In December of 1993 the plaintiff moved to cite in the Hedstrom Corporation ("Hedstrom") as the manufacturer of the swing set asserting defective design and manufacture. The motion was subsequently granted by the court and Hedstrom was served in January of 1994. Hedstrom answered the complaint and pleaded, as special defense, that the claim is barred by the statute of limitations set forth in General Statutes § 52-577a. Hedstrom has now moved for a summary judgment with respect to its claim that the statute of limitations bars the assertion of the cause of action.
General Statutes § 52-577a(a) provides as follows:
 "No product liability claim as defined in section 52-572m
shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product."
It is clear that the injury was sustained and discovered in August of 1990 and that suit was not instituted against Hedstrom until more than three years after that date.
The plaintiff does not contest Hedstrom's computations but, rather, asserts that the claim is viable by virtue of the provisions of General Statutes § 52-577a(c), which provides as follows:
"The ten year limitation provided for in subsection (a) CT Page 7064 shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product. Determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or deterioration from natural causes; (2) the effect of climatic and other local conditions in which the product was used; (3) the policy of the user and similar users as to repairs renewals and replacements; (4) representations, instructions and warnings made by the product seller about the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party."
The plaintiff's position would require the court to conclude that a product liability claim may be brought at any time during the useful safe life of the product and would require the court to ignore the "but within three years" language of General Statutes § 52-577a(a). It is more appropriate to construe the statutes as requiring that the action be brought within the three year period but not later than the ten year period as qualified. Compare R.A.Civitello Company v. New Haven, 6 Conn. App. 212, 222, 229 (1986).
Accordingly, the motion for summary judgment filed by the defendant Hedstrom is hereby granted.